UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREGORY JONES, individually and on behalf of all others similarly situated | CIVIL ACTION |
| VERSUS | NO: 14-2831 |
| YALE ENFORCEMENT SERVICES, INC. | SECTION: "A" (5) |

**ORDER AND REASONS**

Before the Court is a **Motion for Partial Conditional Certification (Rec. Doc. 49)** filed by plaintiff Gregory Jones, individually and on behalf of all others similarly situated. Defendant Yale Enforcement Services, Inc. opposes the motion. The motion, set for hearing on June 3, 2015, is before the Court on the briefs without oral argument.[1]

**I. Background**

On December 16, 2014, Plaintiff filed this lawsuit individually and on behalf of all others similarly situated. He alleges that his former employer, defendant Yale Enforcement Services, Inc., failed to properly compensate him and others for services provided. Plaintiff brings claims seeking to recover unpaid wages, including overtime wages, via the Fair Labor

---

[1] The Court declines the request for oral argument as it finds oral argument would be unnecessary to resolve the issues before it.

1

Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and state law via F.R.C.P. 23.

In the present motion, Plaintiff requests partial conditional certification on his claim that he and others similarly situated were not properly compensated by Defendant when they were required to stay at Lakeview Regional Medical Center ("LRMC"), 24 hours a day for four days, during the landfall and aftermath of Hurricane Isaac.  More specifically, Plaintiff contends, via pleadings and his affidavit, that Defendant ordered him and approximately eight other individuals to report to LRMC and remain there 24 hours a day.  He notes that, despite the complaints made to Defendant by both himself and at least three other co-officer employees named in his affidavit, Defendant has still not paid the employees for the additional time that they were required to remain at LRMC.

Plaintiff also requests that, if the partial conditional certification is granted, Defendant be required to provide all available contact information for such potential class members on an expedited basis.

**II.  Standard of Review**

Class certification can be divided into a two-step process.[2] At the first step, the "notice stage," the Court decides whether

---

[2] While two methods are recognized regarding collectivity under the FLSA, both parties appear to agree on use of the long-standing analysis originally set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).

to conditionally certify a class based only on the pleadings and on affidavits, if any. *Mooney v. Aramco Srvcs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds*, *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). Due to the minimal evidence available at this stage in the proceedings, such a determination is made using a "fairly lenient standard." *Id.* at 1214. If the Court does conditionally certify a class, notice is then sent to putative class members who will have an opportunity to "opt-in." *Id.*

The more significant test comes at the second step, after discovery has largely been completed. *Id.* A defendant will have an opportunity to file a motion to decertify a class, at which point the Court can make a more informed decision due to the increased amount of available evidence before it. *Id.*

This motion comes before the Court on the first step of this process. The lenient standard requires only substantial allegations that potential members "were together the victims of a single decision, policy, or plan...." *Id.* at n.8 (citations omitted); *Theissen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102-03 (10th Cir.2001). A factual basis for the allegations is needed to satisfy this first step. *See Hall v. Burk, No.*,2002 WL 413901, at *3 (N.D. Tex. 2002). "Unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden." *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th

Cir. 1983). Courts require "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *Barron v. Henry County Sch. Sys.*, 242 F. Supp. 2d 1096, 1103 (M.D. Ala.2003); *see also Simmons v. T-Mobile USA, Inc.*, 2007 WL 210008 (S.D. Tx. 2007)(stating that plaintiff must allege a common policy or plan and make a factual showing sufficient to demonstrate that he or she and potential plaintiffs together were victims of a common policy or plan that violated the law)(citations omitted).

**III. Discussion**

Defendant argues that Plaintiff's motion should fail because he has not shown that his entire stay was compensable time, and thus he cannot show a common policy or plan that violated the FLSA. In support of this contention, Defendant includes the affidavit of Defendant's senior payroll administrator stating that Plaintiff was compensated for 77.75 hours of work during the week of Hurricane Isaac. Defendant also includes the affidavit of Defendant's CEO stating that Defendant was only complying with the emergency procedures initiated by LRMC. Defendant has attached as well the employee handbook decreeing sleeping on the job as a punishable offense, which, according to Defendant, makes clear that Plaintiff could not have thought such activity was part of being "on duty" and thus compensable.[3]

---

[3] Defendant also argues that Plaintiff has failed to meet his burden of showing other employees who desire to opt-in

Plaintiff responds that it would be inappropriate to resolve a merits-based argument at this point in the proceedings. Plaintiff argues in the alternative that Defendant's merits-based argument is incorrect as the Code of Federal Regulations extends compensable time to sleeping and other activities when the employer requires the employee to be on duty for more than 24 hours and there is no employment contract to the contrary. *See* 29 C.F.R. § 785.22. Plaintiff cites the case of *Bingham v. Jefferson Cnty.* for support, in which corrections officers were not compensated for such time when they were required to remain at the county courthouse during Hurricane Ike. *Bingham v. Jefferson Cnty.*, no. 11-48, 2013 WL 1312563 (E.D. Tx. March 1, 2013).

Defendant replies that *Bingham* is distinguishable as the officers in that case were specifically on duty to transport prisoners even after their shifts ended. *Id.* at *11. By contrast, Defendant states that here Plaintiff has not and cannot allege that he was on duty after his set shift ended.

While the Court notes that Defendant's arguments do have

---

regarding this litigation. However, "in the Fifth Circuit, there is no categorical rule that Plaintiffs must submit evidence at this time that other [individuals] seek to opt-in to this case." *Perkins v. Manson Gulf, LLC*, no. 14-2199, 2015 WL 771531 at *4 (E.D. La. Feb. 23, 2015) (collecting cases and quoting *White v. Integrated Elec. Sec. Tech., Inc.*, no. 11-2186, 2013 WL 2903070 (E.D. La. June 13, 2013)). Seemingly recognizing this, Defendant did not pursue this unavailing line of argument in its sur-reply (Rec. Doc. 71-2).

5

some merit, the Court finds that it will be in a better position to weigh such arguments at the second step of the certification process. It is sufficient at this point that Plaintiff has alleged that, contrary to normal procedures, Defendant required Plaintiff and others to report to and remain at LRMC for several days without leaving. *C.f.* 29 C.F.R. § 785.20 ("Under certain conditions an employee is considered to be working even though some of his time is spent in sleeping or in certain other activities."). Plaintiff has identified other individuals, some by name, who were also sent to LRMC during this time by Defendant and were not paid. Defendant has pointed to no employment agreement excluding such time as compensable time.

The exact scope of Plaintiff's duties and those of others similarly situated, any understandings with Defendant, and the role and relationship of all parties to the work performed at LRMC will be further clarified by the discovery process. This in turn will allow the Court to properly weigh the arguments of Plaintiff and Defendant at the appropriate stage of the proceedings.

Finally, the Court recognizes that "it, like practicing attorneys, has a responsibility to refrain from stirring up unwarranted litigation." *Lentz v. Spanky's Restaurant II, Inc.*, 491 F. Supp. 2d 66, 668-69 (N.D. Tx. 2007). Further, employers should not be unduly burdened by a frivolous fishing expedition conducted by the plaintiffs at the defendant's expense. *Id.* In

a previous case before this Court, *Xavier v. Belfor USA Group, Inc.*, no. 06-491, 585 F. Supp. 2d 873, 880 (E.D. La. 2008), such considerations factored against conditional certification where the plaintiffs had alleged a putative class consisting of all individuals nation-wide who had done manual labor for a certain major corporation or that corporation's subcontractors across a three year stretch of time. The factual scenario underlying the partial conditional certification at issue here significantly mitigates such concerns. It pertains only to a very small group of individuals ("Defendant then ordered me and approximately eight (8) other [s]ecurity [o]fficers to report to [LRMC]") during a very short period of time ("approximately four consecutive days") within a very specific geographical territory ("LRMC").

    The Court finds it appropriate to conditionally certify the class at this time as follows: all individuals who worked or are working at Yale Enforcement Services, Inc. and were assigned and reported to Lakeview Regional Medical Center between the dates of August 27, 2012 and August 31, 2012. Once initial discovery has been completed and putative class members have filed their notices of consent, this Court will entertain a motion to decertify the class if Defendant feels that a fatal defect remains. *See Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793, 800 (E.D. La. 2007).

    Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Conditional Certification (Rec. Doc. 49)** filed by plaintiff Gregory Jones, individually and on behalf of all others similarly situated is **GRANTED** as described above.

**IT IS FURTHER ORDERED** that Defendant produce the following information within the next twenty (20) days to counsel for Plaintiff: a complete list of names, mailing addresses, email addresses, and telephone numbers of those individuals who fall within the above class definition.

**IT IS FURTHER ORDERED** that counsel for both parties shall confer, develop, and file with the Court joint language for a proposed notice consistent with this Order within seven (7) days of this Order's issuance.

June 26, 2015

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE